Case 2:16-cv-00395   Document 29   Filed in TXSD on 02/21/17   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANNABELLE BORRERO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-00395 |
| | § | |
| VALUEBANK TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION FOR CLARIFICATION

Before the Court is Plaintiff's motion (D.E. 23) seeking a clarification of the Court's Order Compelling Mediation/Arbitration (D.E. 20). In particular, Plaintiff requests a determination that: (1) the arbitration ordered by this Court must be conducted pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA); and (2) the parties may take an unlimited number of depositions to prepare for the arbitration. Defendant has filed its response (D.E. 28). For the reasons set out below, the motion for clarification (D.E. 23) is DENIED.

While Plaintiff's motion states its question as whether the Commercial Arbitration Rules of the AAA apply (as is clearly set out in the parties' arbitration agreement (D.E. 23-1)), the relief Plaintiff actually seeks is a determination that those Commercial Arbitration Rules, properly interpreted, require that the arbitration be conducted by the AAA as an administrative body. This Court's jurisdiction does not extend to interpretation of the rules and procedures to be applied by the arbitrator. "Once it is determined, as we have, that the parties are obligated to submit the subject matter of a

dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964). *See also, Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010); *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 546 (5th Cir. 2016). Likewise, Plaintiff's request for a determination of the number of depositions permitted is a question of procedure for the arbitrator, not the Court.

For these reasons, the Court DENIES the motion for clarification (D.E. 23).

ORDERED this 21st day of February, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE